**Robert Swider, OSB# 82127**
Robert@swiderhaver.com
**Michael Dell Long, OSB# 923773**
mlong@swiderhaver.com
SWIDER HAVER
621 SW Morrison, Suite 1420
Portland, OR 97205
Telephone: (503) 226-8122
Facsimile: (503) 273-8842
Of Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **NORTH SISTER PUBLISHING, INC.,** an Oregon corporation; **WORK THE SYSTEM ACADEMY, LLC,** an Oregon limited liability company; and **WORK THE SYSTEM CONSULTANTS, INC.,** an Oregon corporation, | Case No. |
| | **COMPLAINT FOR:** |
| | 1. **Federal Copyright Infringement (17 U.S.C. § 101,** *et. seq.***)** |
| | 2. **Statutory Unlawful Trade Practice (ORS § 646.608)** |
| Plaintiffs, | 3. **Common Law Unfair Competition: Misappropriation** |
| v. | 4. **Unjust Enrichment** |
| **RICHARD SCHEFREN**, an individual doing business as **STRATEGIC PROFITS MANAGEMENT COMPANY**; and **SCHEFREN PUBLISHING, LLC,** a Florida limited liability company doing business as **STRATEGIC PROFITS**, | **DEMAND FOR A JURY TRIAL** |
| Defendants, | |

Plaintiffs North Sister Publishing, Inc., Work the System Academy, LLC, and Work the

System Consultants, Inc. (collectively referred to as "Plaintiffs"), file this complaint against the

above-named Defendants and state as follows:

Complaint - 1

## NATURE OF THE ACTION

1.  This is an action for Copyright Infringement, Unlawful Trade Practices, Unfair Competition and Unjust Enrichment.  Plaintiffs seek injunctive relief and compensatory and punitive damages.

## PARTIES

2.   Plaintiff North Sister Publishing, Inc. ("NSP") is a corporation incorporated and existing under the laws of the State of Oregon, having its principal place of business in Bend, Deschutes County, Oregon.

3.  Plaintiff Work the System Academy, LLC ("Academy") is a limited liability company organized and existing under the laws of the State of Oregon, having its principal place of business in Bend, Deschutes County, Oregon.

4.  Plaintiff Work the System Consultants, Inc. ("Consultants") is a corporation incorporated and existing under the laws of the State of Oregon, having its principal place of business in Bend, Deschutes County, Oregon.

5.  Upon information and belief, Defendant Richard Schefren ("Schefren") is an individual residing in Boca Raton, Palm Beach County, Florida and, at all relevant times hereto, is and was doing business under the fictitious business name *Strategic Profits Management Company*.

6.  Upon information and belief, Defendant Schefren Publishing, LLC ("SPLLC") is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Delray Beach, Palm Beach County, Florida and, at all relevant times hereto, is and was doing business under the fictitious business name *Strategic Profits*.

Complaint - 2

7. Plaintiffs are informed and believe and, on that basis, allege that at all relevant times hereto Schefren was and is the alter ego of SPLCC, in that Schefren has always been the sole owner and member of SPLCC; that SPLCC was and remains undercapitalized; that Schefren did and continues to co-mingle personal funds with SPLCC; that SPLCC did and continues to fail to adhere to limited liability company formalities; and that Schefren has and continues to treat himself and SPLCC as one in the same rather than separate entities. To uphold SPLCC as a separate entity and allow Schefren to escape personal liability for his wrongful acts and debts would sanction fraud and promote injustice. Accordingly, all allegations herein made as to Schefren are also made as to SPLCC and vice-versa, and/or are made to Defendants collectively as one in the same.

## JURISDICTION AND VENUE

8. This action arises under the Copyright Act of 1976, 17 U.S.C. §101 *et seq*. (the "Copyright Act"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

9. This Court has supplemental jurisdiction of Plaintiffs' state law claims under 28 U.S.C. § 1367(a). These claims are related to the other claims in this action over which this Court has original jurisdiction in that they form a part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to this action occurred in this judicial district and Defendants have sufficient contacts with this district because they do business within this judicial district.

Complaint - 3

## FACTUAL BACKGROUND

11.  The property at issue in this action is the original literary work entitled "*Work the System: The Simple Mechanics of Making More and Working Less*" ("Book"), which was registered as US Copyright Registration Number TX0007461623.    A true and correct copy of the Copyright Registration in the Book is attached hereto as Exhibit "A" and is incorporated by reference as if set forth in full.

12.  Sam Carpenter ("Carpenter") began writing the Book in 2006.  Based upon Carpenter's personal and business experiences, the Book presents the "Work the System" method, which shows business owners how to achieve a positive macro results by viewing business and work on a micro level.  The strategies set forth in the Book help business owners to quickly and dramatically improve performance, thus decreasing the stress of being overworked and disorganized, which ultimately results in a shorter work week and a much-improved bottom line.

13.  Carpenter self-published the first edition of the Book in 2008.  A year later, Carpenter published the second edition of the Book and registered it under the copyright attached to this Complaint as Exhibit "A".

14.  Carpenter transferred all rights in the Book to NSP, *nunc pro tunc*, as of the date of NSP's incorporation.  At all times relevant to this action, NSP has owned the copyright in the Book.

15.  In or around 2012, Academy was organized to offer an education program based upon the principles and teachings from the Book. Academy customers can purchase online education products, including access to online audio and video materials, as well as

Complaint - 4

complimentary articles, handouts, worksheets and workbooks. At all times relevant to this action, Academy was and is a licensee of the copyright in the Book for said online educational products.

16. In or around 2012, Consultants was incorporated to offer coaching to and consulting with business people, individually or in group sessions, based upon the principles and teachings from the Book.  Consultants customers receive the Book, as well as complimentary articles, handouts, worksheets and workbooks. Consultants conducts educational programs based upon the Book, via live seminars and speaking engagements.  At all times relevant to this action, Consultants was and is a licensee of the copyright in the Book for said coaching and consulting services.

17. According to Defendants' website at *www.strategicprofits.com*  ("Strategic Profits Website"), Defendants "provide coaching for online entrepreneurs who want to grow their businesses strategically and ultimately get 'free' of the daily grind."  For a fee, monthly subscribers have access to various educational materials from the Strategic Profits Website, including various "Special Reports" and "Founders Club Letters."

18. Within the last three years, NSP became aware that Defendants were offering and continue to offer a "Special Report" entitled *Systemize Your Success* on the Strategic Profits Website. The *Systemize Your Success* "Special Report" copied large portions of the Book, including near-exact passages from the Book.   It is not clear if Defendants' other "Special Report" publications infringe the Book. A true and correct copy of the infringing *Systemize Your Success* "Special Report" is attached hereto as Exhibit "B" and is incorporated herein by reference as if set forth in full.

Complaint - 5

19.  Within the last three years, NSP became aware that Defendants were offering and continue to offer a "Founders Club Letter" entitled *The Missing Link to Maximize Your Online Success* on the Strategic Profits Website and/or via email delivery.  That "Founders Club Letter" copied portions of the Book, including near-exact passages from the Book.   It is not clear if Defendants' other "Founders Club Letter" publications infringe the Book. A true and correct copy of the infringing "Founders Club Letter" entitled *The Missing Link to Maximize Your Online Success* is attached hereto as Exhibit "C" and is incorporated herein by reference as if set forth in full.

20.  Upon discovery of Defendants' infringements of the Book, Plaintiffs demanded that Defendants immediately cease and desist from all infringing uses.   To this date, Defendants continue to infringe the Book by offering for sale and selling derivative works based upon the Book.

### FIRST CLAIM FOR RELIEF
### Federal Copyright Infringement of the Book (17 U.S.C. § 101 *et. seq.*)
### By All Plaintiffs against All Defendants

21.  Plaintiffs repeat, re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in all proceeding and subsequent paragraphs.

22. NSP is the owner of all rights, title and interest to the Book, and Academy and Consultants are licensees of rights, title and interest to the Book.

23.  Defendants have copied, reproduced, distributed, adapted, publicly displayed and/or created derivative works based upon the Book without the consent, permission or authority of Plaintiffs, thereby directly infringing Plaintiffs' copyright in the Book.

Complaint - 6

24.  Defendants' conduct constitutes infringement of Plaintiffs' copyright and exclusive rights to the Book under the Copyright Act in violation of Section 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

25.  Each infringement of Plaintiffs' rights in and to the Book constitutes a separate and distinct act of infringement.

26.  As a direct and proximate result of Defendants' infringement of Plaintiffs' copyright and exclusive rights to the Book, Plaintiffs are entitled to their damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).  Plaintiffs also entitled to prejudgment interest on any damage award.

27.  Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, irreparable injury that cannot be fully compensated in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting further infringements of their copyright in the Book.

28.  Pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to an award of reasonable costs incurred in this action.

### SECOND CLAIM FOR RELIEF
### Statutory Unlawful Business and Trade Practices (ORS 646.608)
### By All Plaintiffs against All Defendants

29.  Plaintiffs repeat, re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in all proceeding and subsequent paragraphs.

30.  Defendants have intentionally and willfully violated ORS 646.608(b) and (c) by intentionally and willfully copying, reproducing, distributing, adapting and/or publicly displaying portions of the Book, and passing the infringing material off as that of Defendants',

Complaint - 7

with the intent of creating confusion and misunderstanding as to the source of the material  (ORS 646.608(b));

31.    As a direct and proximate result of Defendants' unlawful conduct described above, Plaintiffs are entitled to their damages in an amount to be determined upon proof, pursuant to ORS 646.638 (1).

32.  Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause irreparable injury that cannot be fully compensated in money.  Plaintiffs have no adequate remedy at law.  Pursuant to ORS 646.638(5), Plaintiffs are entitled to injunctive relief prohibiting the above-described wrongful acts.

33.  Pursuant to ORS 646.638(3), Plaintiffs are entitled to an award of reasonable costs incurred in this action, including attorney's fees.

**THIRD CLAIM FOR RELIEF**
**Common Law Unfair Competition - Misappropriation**
**By all Plaintiffs against all Defendants**

34.  Plaintiffs repeat, re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in all proceeding and subsequent paragraphs.

35.  Plaintiffs have made a substantial investment of time, effort and money in creating a property right in the Book.

36.  Defendants have willfully and intentionally misappropriated  Plaintiffs' property and property rights by intentionally and willfully copying, reproducing, distributing, adapting and/or publicly displaying portions of the Book, and passing the infringing material off as that of Defendants', with the intent of creating confusion and misunderstanding  as to the source of the material.

Complaint - 8

37.      As a direct and proximate result of Defendants' unlawful conduct described above, Plaintiffs are entitled to their damages, in an amount to be determined at trial.

38. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause irreparable injury that cannot be fully compensated in money.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief prohibiting the above described wrongful acts.

39. Defendants' above-described unlawful acts were willful, in disregard of, and with indifference to the rights of Plaintiffs.  Plaintiffs are thus entitled to punitive and exemplary damages.

### FOURTH CLAIM FOR RELIEF
### Unjust Enrichment
### By all Plaintiffs Against all Defendants

40. Plaintiffs repeat, re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in all proceeding and subsequent paragraphs.

41. Defendants have received and/or will receive an unjust benefit from their unauthorized use of Plaintiffs' property and property rights in the Book, to the detriment of Plaintiffs, and such benefit violates the fundamental principles of justice, equity and good conscience.  Accordingly, any such enrichment is unjust and should, in equity, be returned to Plaintiffs.

42. As a direct and proximate result of Defendants' unlawful use of Plaintiffs' property and property rights in the Book, Plaintiffs have been irreparably harmed and Defendants have been unjustly enriched at Plaintiffs' expense.  Accordingly Plaintiffs are entitled to an order requiring Defendants to disgorge any and all such ill-gotten gains to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.  For an Order that Defendants, their officers, directors, members, managers, agents, servants, partners, employees, attorneys, licensees, assigns, and all persons acting for, with, by, through, or in concert with them be enjoined preliminarily and permanently from:

        (a)  copying, reproducing, distributing, adapting and/or publicly displaying the Book;

        (b)  infringing Plaintiffs' copyright(s) in the Book;

        (c)  advertising, marketing, promoting, offering for sale, or selling any goods or services that infringe Plaintiffs' copyright(s) in the Book; and

        (d)  unfairly competing with Plaintiff in any manner.

2.  That Defendants be required to deliver up to Plaintiffs for destruction any product, packaging, literature, catalogs, signs, advertising material, and the like, or any confusingly similar variation thereof, including any of Plaintiffs' copyrighted works.

3.  That Defendants, within thirty days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs' attorney a written report under oath setting forth in detail the manner in which Defendants have complied with paragraph 1 and 2, supra.

4.  That Defendants be required to account for and pay over to Plaintiff their profits and cumulative damages sustained by Plaintiffs by reason of Defendants' unlawful conduct

Complaint - 10

herein alleged, and that the amount of recovery be increased as provided by applicable law.

5.  That the Court order disgorgement and/or restitution of Defendants' profits to Plaintiffs.

6.  That Plaintiffs be awarded its reasonable costs and attorney's fees.

7.  That Plaintiffs be awarded prejudgment interest.

8.  That Plaintiffs be awarded punitive and exemplary damages.

9.  That Plaintiffs have such other and further relief as the Court may deem equitable.

Dated this 29th day of August, 2014.

Swider Haver LLP by

/Michael Dell Long/

_____
Michael Dell Long, OSB #923773
Of Attorneys for Plaintiff

## JURY DEMAND

Pursuant to Rule 30 of the Federal Rules of Civil Procedures, Plaintiffs hereby demands a trial by jury as to all issues set forth in the Complaint.

Dated this 29th day of August, 2014.

Swider Haver LLP by

/Michael Dell Long/

_____
Michael Dell Long, OSB #923773
Of Attorneys for Plaintiff

Complaint - 11