IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NORTH SISTER PUBLISHING, INC., an Oregon corporation; WORK THE SYSTEM ACADEMY, LLC, an Oregon limited liability company; and WORK THE SYSTEM CONSULTANTS, INC., an Oregon corporation,<br><br>     Plaintiffs,<br><br>  v.<br><br>RICHARD SCHEFREN, an individual doing business as STRATEGIC PROFITS MANAGEMENT COMPANY; and SCHEFREN PUBLISHING, LLC, a Florida limited liability company doing business as STRATEGIC PROFITS,<br><br>     Defendants. | Case No. 6:14-cv-01395-TC<br><br>FINDINGS AND RECOMMENDATION |

COFFIN, Magistrate Judge:

   Plaintiffs filed an action for copyright infringement, 17 U.S.C. § 101, et seq. Plaintiff filed suit shortly after the

Page 1 - FINDINGS AND RECOMMENDATION

dismissal of a similar action involving the same parties in the United States District Court for the Southern District of Florida. The court there found that it lacked personal jurisdiction, and the dismissal was appealed to the Eleventh Circuit Court of Appeals. On March 23, 2015, the Eleventh Circuit dismissed the appeal for failure to prosecute.

Defendants now move to dismiss the present action for lack of personal jurisdiction; and in the alternative, to dismiss or stay the action pursuant to the first-to-file rule.[1] Oral arguments on the motions were heard December 22, 2014. For the following reasons, these motions should be denied.

## BACKGROUND

Plaintiffs North Sister Publishing, Inc., ("NSP"), Work the System Consultants, Inc., and Work the System Academy, LLC (hereinafter the "NSP Parties") are incorporated and organized in the state of Oregon. In 2008, Sam Carpenter, the president and sole shareholder of NSP, wrote a book entitled <u>Work the System: The Simple Mechanics of Making More and Working Less</u> (hereinafter the "Book"). NSP owns the rights, title, and interest in the Book. Work the System Consultants ("Consultants") is a consulting business that offers services based on the principles in the Book, while Work the System Academy, LLC, ("Academy"), sells educational products related to the Book online; both license the Book from NSP.

---

[1] Defendants also move for the court to take judicial notice of the Florida case. This motion is granted.

Page 2 - FINDINGS AND RECOMMENDATION

Defendants Richard Schefren, an individual doing business as Strategic Profits Management Company, and Schefren Publishing, LLC, (hereinafter the "Schefren Parties") doing business as Strategic Profits, are based in Florida and operate a website that offers coaching and other resources directed toward online entrepreneurs "who want to grow their business strategically and ultimately get 'free' of the daily grind." Compl. 5 (citing defendants' website: www.strategicprofits.com). For a fee, monthly subscribers have access to various materials from defendants' website, including "Special Reports." Id. at 4.

The NSP Parties allege that the Schefren Parties offered and continue to offer a "Special Report" entitled Systemize Your Success on the Schefren Parties' website. The NSP Parties claim the "Special Report" copied large portions of the Book. After initial discovery of the alleged infringement in November 2011, Mr. Carpenter contacted Mr. Schefren by phone in March 2012, demanding that the Schefren Parties cease and desist from infringing the Book. Id. According to Mr. Carpenter, Mr. Schefren said that "he could not deny the infringing activities, but that he did not maliciously intend the infringement." Carpenter Aff. 3.

Between March 2012 and May 2014, the parties attempted to reach a settlement of this infringement claim, an effort that ultimately failed. On May 19, 2014, Schefren filed suit against NSP and Mr. Carpenter in Florida district court, seeking, among other things, a declaration of non-infringement of the Carpenter copyright. The Academy was subsequently named as a defendant in

Page 3 - FINDINGS AND RECOMMENDATION

Schefren's Amended Complaint. On July 22, 2014, the Florida district court dismissed the action against NSP and Carpenter, finding that the court did not have personal jurisdiction over them. On August 19, 2014, the Florida district court issued an omnibus order that: 1) dismissed the Florida action against Academy for lack of personal jurisdiction and 2) denied Schefren's motion to alter the judgment. Schefren timely appealed the dismissal on August 19, 2014; on March 23, 2015, the Eleventh Circuit affirmed the dismissal.

Meanwhile, the NSP Parties filed a complaint against the Schefren Parties for copyright infringement in the District of Oregon on August 29, 2014. Defendants now move to dismiss or stay this action pursuant to the first-file rule and, or in the alternative, lack of personal jurisdiction.

## DISCUSSION

### A. First-to-File Rule

Defendants allege that this court should apply the first-to-file rule and dismiss the Oregon action. The first-to-file rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district." Church of Scientology of Cal. v. U.S. Dept. of the Army, 611 F.2d 738, 749 (9th Cir. 1979); Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). The first-to-file rule is not a "rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to

Page 4 - FINDINGS AND RECOMMENDATION

the dictates of sound judicial administration." Pacesetter, 678 F.2d at 94-95.

Notably, the Eleventh Circuit dismissed the appeal of the Florida case for lack of prosecution and no case remains pending. Regardless, the principles behind the first-to-file rule — federal judicial economy and avoiding the embarrassment of conflicting judgments — are not at issue here. See Church of Scientology, 611 F.2d at 750. There has been no decision on the merits of the copyright infringement dispute between the parties, and the appeal in the Eleventh Circuit was an appeal only on the issue of jurisdiction. For this reason, I recommend denying the motion to dismiss or stay this action pursuant to the first-to-file rule.

### B. Jurisdiction

Defendants also move for dismissal of the current action for lack of personal jurisdiction. Defendants argue that they are not subject to personal jurisdiction in Oregon because they have not "expressly aimed" their conduct at or "specifically targeted" the Oregon-based plaintiffs. Defs.' Mem. 12-13.

Plaintiffs respond that personal jurisdiction is proper because defendants' infringement of their copyright occurred through the use of an interactive website that marketed and sold products — including the allegedly infringing material — to Oregon customers, thus establishing sufficient minimum contacts with the forum. For the reasons discussed below, I find that this court does have personal jurisdiction over defendants. I therefore

Page 5 - FINDINGS AND RECOMMENDATION

recommend denying defendants' motion to dismiss for lack of personal jurisdiction.

In opposing a defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction is proper. Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010). The court resolves factual disputes in the plaintiff's favor. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).

To establish personal jurisdiction over defendants in the District of Oregon, plaintiffs must show that defendants have had sufficient minimum contacts with the forum. Due process requires that a defendant, if not present in the state, "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945) (internal quotation marks omitted). Minimum contacts can be demonstrated through facts supporting either general or specific jurisdiction over the defendant. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). I find specific jurisdiction applies here.

Page 6 - FINDINGS AND RECOMMENDATION

The inquiry into the "minimum contacts" necessary to create specific jurisdiction focuses "on the relationship among the defendant, the forum, and the litigation." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984). In this circuit, the court employs the following three-part test to analyze whether a party has sufficient minimum contacts to be susceptible to personal jurisdiction: whether (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. Pebble Beach Co., 453 F.3d at 1155 (citing Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)). The plaintiff has the burden of proving the first two prongs. CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011). If the plaintiff does so, the burden then shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

The applicable analysis for the first prong of the inquiry depends on the nature of the claim at issue. See Picot v. Weston, __F.3d__, 2015 WL 1259528, at *4 (9th Cir. Mar. 19, 2015). For claims sounding in contract, the court generally applies a "purposeful availment" analysis to determine whether the defendant has "purposefully avail[ed] [himself] of the privilege of

Page 7 - FINDINGS AND RECOMMENDATION

conducting activities within the forum State[.]" Id. (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)(internal quotations omitted)). For claims sounding in tort, the court applies the "purposeful direction" analysis and determines whether the defendant has "directed his actions at the forum state, even if those actions took place elsewhere." Schwarzenegger, 374 F.3d at 802-03 (internal citations omitted). Here, the underlying action is copyright infringement, which is often characterized as a tort. Brayton Purcell LLP, 606 F.3d at 1128. Therefore, the applicable analysis is whether the defendants purposefully directed their activities at Oregon residents.

1. Purposeful Direction

Plaintiffs allege that defendants purposefully directed their activities at Oregon residents by marketing their products and offering subscriptions to customers, including Oregon customers, through their "highly interactive" website. Pls.' Resp. 15. They also allege that because defendants have sold products through their website to at least one Oregon-based customer and that, in fact, 1.5 percent of the products sold are sold to Oregon-based customers, defendants have purposefully directed their activities at the forum state. Id. at 16. Defendants argue, however, that the maintenance of a website is not enough to establish minimum contacts, and that the website does not run any third-party advertisements or advertisements specifically targeted at Oregon residents. Defendants maintain that plaintiffs cannot establish purposeful direction because defendants did not know plaintiffs

Page 8 - FINDINGS AND RECOMMENDATION

were Oregon-based at the time of the alleged infringement. Defs.' Mem. 12-13.

This circuit evaluates purposeful direction using the three-part "Calder-effects" test. See Schwarzenegger, 374 F.3d at 803. Under this test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant know is likely to be suffered in the forum state." Brayton Purcell LLP, 606 F.3d at 1128 (quoting Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)). It is not required that defendants have any physical contacts with the forum. See Schwarzenegger, 374 F.3d at 803.

Using the Calder effects test, I find that defendants purposefully directed their activities at Oregon.

### i. Intentional Act

The "intentional act" element of the test is easily satisfied here. This circuit construes "intent" as "referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." Brayton Purcell LLP, 606 F.3d at 1128-29 (quoting Schwarzenegger, 374 F.3d at 806). Plaintiffs allege that since 2012, defendants have offered and continue to offer material on its website that infringes plaintiffs' copyright. Copyright infringement is an intentional act; according to plaintiffs, defendants committed an intentional act when they created and posted the "Special Report" on their website. Defendants argue that they did not know

Page 9 - FINDINGS AND RECOMMENDATION

plaintiffs were located in Oregon before being contacted by Mr. Carpenter in 2012; however, this action was filed in 2014, when defendants had full knowledge of the plaintiffs' residence in Oregon. Therefore, defendants' argument on this point fails and plaintiffs have made a prima facie showing that defendants' alleged copyright infringement was an intentional act.

    ii. *Express Aiming*

The second part of the Calder-effects test requires that the defendant's conduct be expressly aimed at the forum. See Pebble Beach Co., 453 F.3d at 1158. It has been established that maintenance of a "passive website" that is merely accessible to the forum cannot alone satisfy the express aiming prong of the test. Id. ("[W]e reject ... any contention that a passive website constitutes express[] aiming.")); see also Holland Am. Line Inc. v. Wartsila N.Am., Inc., 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction."). However, operating a passive website "in conjunction with 'something more' — conduct directly targeting the forum — is sufficient to confer personal jurisdiction." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019-20 (9th Cir. 2002).

Courts have found that websites through which companies conduct commercial transactions are "highly interactive;" for example, in Tech Heads Inc. v. Desktop Serv. Ctr., Inc., the district court concluded that a Virginia computer services company website was "highly interactive" because the company conducted most

Page 10 - FINDINGS AND RECOMMENDATION

of its business, advertising, and sales over the site. Tech Heads Inc. v. Desktop Serv. Ctr., Inc., 105 F. Supp. 2d 1142, 1150 (D. Or. 2000). The court found that, because of the "highly interactive" nature of the website, it was enough that the company had performed at least one internet transaction with an Oregon resident to determine that it had purposefully availed itself of the forum state. Id. (citing CompuServe v. Patterson, 89 F.3d 1257, 1265 (6th Cir. 1999)).

Here, plaintiffs have established that defendants' website is "highly interactive," as defendants sell and market their products through their website. Pls.' Resp. 15. Additionally, defendants have sold products through their website to at least one Oregon-based customer, and membership is available through the website to customers, including customers in Oregon. Id. at 15-16. Defendants do not dispute these specific allegations; therefore, they are accepted as uncontroverted. I find that due to the nature of the defendants' website on which the allegedly infringing material appears, as well as the fact that defendants have sold products to an Oregon-based customer, defendants' conduct was expressly aimed at the forum.

Additionally, I find that the nature of the copyright infringement claim itself indicates that defendants were expressly aiming their actions — the alleged infringement of plaintiffs' copyright — at Oregon because plaintiffs are located in Oregon. See, e.g., Dole Food Co. V. Watts, 303 F.3d 1104, 1111-12 (9th Cir. 2002) (defendant employees who allegedly conspired to defraud

Page 11 - FINDINGS AND RECOMMENDATION

plaintiff corporation were found to be "expressly" aiming their activities at the forum state of California because they knew plaintiff's principal place of business was in California, plaintiff's decisionmakers were located in California, and they communicated directly with those California decisionmakers); Brainerd v. Governors of the Univ. Of Alberta, 873 F.2d 1257, 1259-60 (9th Cir. 1989) (finding specific jurisdiction in Arizona over Canadian defendants who had made allegedly defamatory statements in response to telephone calls directed to them).

    *iii. Foreseeable Harm*

The final element of the effects test requires that defendants' conduct caused harm that they knew was likely to be suffered in the forum. Brayton Purcell LLP, 606 F.3d at 1131; see also Yahoo!, 433 F.3d. at 1206. This element is satisfied when a defendant's intentional act has "foreseeable effects" in the forum. Brayton Purcell LLP, 606 F.3d at 1131(citing Bancroft, 223 F.3d at 1087).

In this case, it was foreseeable that plaintiffs would be harmed by the infringement of their copyright. It was also foreseeable that this harm would occur in Oregon, the forum where plaintiffs reside and are located. As stated previously, defendants knew as of April 2012 that plaintiffs are located in Oregon, and plaintiffs specifically allege that defendants continued to commit their infringing acts. Therefore, defendants' intentional acts had and continue to have foreseeable effects in the forum, satisfying the third element.

I find that plaintiffs have satisfied the purposeful direction prong of the jurisdictional inquiry.

2. Claims Arising Out of or Relating to Forum Activities

The second requirement for finding specific personal jurisdiction is that the plaintiff's claim must arise out of or related to the defendant's forum related activities. Helicopteros, 466 U.S. at 414. The "Special Report," which plaintiffs allege infringes their copyright, is featured on defendants' "highly interactive website" and is available to customers in Oregon. Further, as explained above, the infringement is an intentional act "aimed" at Oregon plaintiffs. Therefore, plaintiffs' claim for copyright infringement is directly related to defendants' forum activities

3. Exercise of Jurisdiction is Reasonable

The third prong of the inquiry is whether the exercise of personal jurisdiction is reasonable. In determining reasonableness, the court must weigh the following factors: (1) the extent of defendants' purposeful injection into the forum; (2) defendants' burden from litigating in the forum; (3) extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiffs' interest in convenient and effective relief; and (7) the existence of an alternative forum." Theo H. Davies & Co. v. Republic of the Marshall Islands, 174 F.3d 969, 975 n.4 (9th Cir. 1999); Terracom v. Valley Nat'l Bank, 49 F.3d 555,

Page 13 - FINDINGS AND RECOMMENDATION

561 (9th Cir. 1995). No single factor is dispositive. <u>Terracom</u>, 49 F.3d at 561.

However, once a plaintiff shows "purposeful availment," jurisdiction is presumptively reasonable and the burden shifts to a defendant to show a "compelling case" why jurisdiction is unreasonable. <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 625 (9th Cir. 1991). The defendants have not met this burden.

Defendants argue that personal jurisdiction is unreasonable for the following reasons: all of the defendants are located in Florida and litigating in Oregon would be burdensome; much "if not all" of the alleged infringement occurred while the defendants were located in and doing business in Florida; that the Southern District of Florida has an interest in resolving the dispute involving its citizens; and that Oregon's exercise of jurisdiction would conflict with the interests of Florida. Defs.' Reply to Pls.' Resp. 7-8. However, there is no longer a pending case in Florida, and defendants' argument that litigating in Oregon would be burdensome does not override the substantial interest Oregon has in adjudicating a dispute involving its residents. All of the plaintiffs are Oregon residents, and the alleged infringement was directed at them in Oregon. Additionally, in this age of electronic discovery and videoconferencing, litigating in another forum is less burdensome than it may once have been. <u>See</u> <u>Nat'l Shopmen Pension Fund v. Stamford Iron & Steel Works</u>, 999 F. Supp. 2d 229, 233 (D.D.C. 2013)(citation omitted)("The availability of electronic discovery and the use of depositions and

Page 14 - FINDINGS AND RECOMMENDATION

videoconferencing to secure witness testimony renders the inconvenience to defendants [located outside the forum] less onerous."). Furthermore, transferring the action to another forum would merely shift the balance of inconvenience from defendants to plaintiffs. See id.

The defendants have not presented a compelling case for this court to decline the assertion of personal jurisdiction over them. Therefore, I recommend that defendants' motion to dismiss for lack of personal jurisdiction be denied.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss or stay pursuant to the first-to-file rule, or, in the alternative, to dismiss for lack of personal jurisdiction, should be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of

Page 15 - FINDINGS AND RECOMMENDATION

a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 6 day of April, 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge